IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BARTODZIEJ,<br><br>    Plaintiff,<br><br>v.<br><br>PREMIUM STAFFING, INC.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, MICHAEL BARTODZIEJ, by and through his attorneys, and for his Complaint against the Defendant, PREMIUM STAFFING, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages and equitable and injunctive relief for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Wage Payment and Collections Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and breach of contract.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FLSA.

3.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5.  Plaintiff is an individual who was at all relevant times residing in Westchester, Illinois.

6.  On information and belief, Defendant is a corporation of the State of Illinois, whose principal place of business is located in Willowbrook, Illinois.

7.  Plaintiff and Defendant are each "persons" as defined in 29 U.S.C. § 203(a).

8.  Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer in relation to Plaintiff when he was an employee.

9.  Defendant is an "employer" as that term is defined by 820 ILCS 105/3(c), as it is a corporation for which one or more persons were gainfully employed on some day within a calendar year.

10. At all relevant times, Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1), as he is an individual who is employed by Defendant, an employer.

11. At all relevant times, Plaintiff was an "employee" as that term is defined by 820 ILCS 105/3, as he is an individual permitted to work by an employer in an occupation.

## BACKGROUND FACTS

12. Plaintiff began his employment with the Defendant on or about June 10, 2016.

13. During Plaintiff's employment with Defendant he worked as a recruiter.

14. Plaintiff's job duties included placing potential candidates in employment positions with Defendant's clients.

15. Plaintiff's position required that he work from a central location calling or emailing potential candidates.

16. More than half of Plaintiff's earnings in each year of his employment with Defendant were derived from commissions on job candidates Plaintiff placed with Defendant's clients.

17. Plaintiff's duties did not require that he regularly engage in sales away from Defendant's place of business.

18. Plaintiff's primary job duties did not consist of work directly related to the management or general business operations of the Defendant or its customers.

19. Plaintiff regularly worked approximately 44 to 46 hours during each workweek.

20. Despite Plaintiff's clear position as an inside salesperson, Defendant failed to pay Plaintiff the required one and one-half times his regular wage for all hours worked by Plaintiff in excess of 40 hours in a given workweek.

21. During the time Plaintiff was employed by Defendant, Defendant paid Plaintiff on a salary basis. Thus, Plaintiff received the same gross amount of pay per workweek, regardless of the number of hours Plaintiff actually worked during each workweek.

22. Plaintiff is informed and believes and based thereon alleges that Defendant willfully enacted this policy and practice for the purpose of avoiding having to pay Plaintiff for his overtime hours worked, thereby increasing its own profits.

23. During the time Plaintiff was employed by Defendant as a recruiter, Defendant should have paid Plaintiff at a rate of one and one-half times his regular wage for all overtime hours worked by Plaintiff in excess of 40 hours in any given workweek.

24. Plaintiff voluntarily left his position with Defendant on or about March 29, 2019.

25. Prior to leaving his position with Defendant, Plaintiff had placed two candidates at two separate clients for Defendant.

26. As part of those placements, Plaintiff was entitled to $11,000 in commissions per placement.

27. Plaintiff was also entitled to 10% of his total sales for the quarter, or approximately $8,390.00, due to Plaintiff having met his sales goals.

28. However, after leaving his position Defendant refused to pay Plaintiff commissions for either of these two placements, or the 10% bonus associated with meeting his sales goals.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

30. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

31. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

32. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

33. The Fair Labor Standards Act provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

4

34. Defendant failed to compensate Plaintiff at one and one-half times his regular wage for time worked in excess of forty hours per workweek during many pay periods during his employment with Defendant.

35. Defendant, by its failure to fully compensate Plaintiff as set forth above, has violated and continues to violate the FLSA, including but not limited to, 29 U.S.C. § 207.

36. The FLSA, specifically 29 U.S.C. § 213, and its supporting regulations, exempt certain categories of employees from the FLSA's overtime pay obligations. However, none of the FLSA's overtime pay exemptions apply to Plaintiff.

37. The FLSA also provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

38. In light of Defendant's violations of the FLSA as outlined above, Plaintiff is entitled to a judgment against Defendant in the amount of his unpaid overtime compensation, and an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs of this action.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

39. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

40. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS 105/1, *et seq*.

41. Defendant is subject to the overtime pay requirements of the IMWL because it employs workers within the State of Illinois.

42. The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

43. Defendant failed to compensate Plaintiff at one and one-half times his regular wage for time worked in excess of forty hours per workweek during many pay periods during his employment with Defendant.

44. Defendant, by its failure to fully compensate Plaintiff as set forth above, has violated and continues to violate the IMWA, including but not limited to, 820 ILCS 105/4a(1).

45. The IMWL incorporates the FLSA's overtime pay exemptions as set forth in 29 U.S.C. § 213 and its supporting regulations. However, none of the FLSA's overtime pay exemptions apply to Plaintiff.

46. The IMWA provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

47. In light of Defendant's violations of the IMWL as outlined above, Plaintiff is entitled to a judgment against Defendant in the amount of his unpaid overtime compensation, plus

his costs of this action and reasonable attorneys' fees, plus additional damages of two percent (2%) of the amount of any such unpaid overtime compensation for each month it has remained unpaid.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

48. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

49. Pursuant to the IWPCA, employers are required, by law, to "pay every employee all wages earned during the semi-monthly pay period…Commissions may be paid once a month." 820 ILCS 115/3.

50. Exhibit A hereto constitutes an unsigned exemplar of the agreement and/or contract between Plaintiff and Defendant, whereby Defendant agreed to pay Plaintiff commissions based on a percentage of the fees Defendant collected from its customers. Plaintiff is not currently in possession of a signed copy of Exhibit A but on information and belief, Defendant is in possession of a signed copy.

51. The IWPCA provides that "[p]ayments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

52. Defendant failed to pay Plaintiff for commissions owed, as set forth above, in its final compensation payments to Plaintiff.

53. Defendant, by its failure to fully compensate Plaintiff for all of his earned commissions as set forth above, violated the IWPCA.

54. The IWCPA provides that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover…the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14(a).

## COUNT IV
## BREACH OF CONTRACT

55. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

56. At all times relevant, there existed a valid and enforceable contract between Plaintiff and Defendant, a copy of which is attached hereto.[1]

57. Plaintiff has complied with and performed all of his obligations under said contract.

58. Defendant breached said contract by failing to pay him earned commissions and compensation as described above, thereby depriving Plaintiff of the benefit of his bargain and causing Plaintiff to suffer substantial harm.

59. Defendant's failure to pay the agreed-upon commissions and compensation to Plaintiff constitutes multiple breaches of said contract.

60. Plaintiff therefore seeks money damages from Defendant in an amount to be proven at trial.

---

[1] While Plaintiff was only provided an unsigned copy of the agreement at issue, Defendant is believed to be in possession of a copy of the agreement signed by both parties.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, MICHAEL BARTODZIEJ, respectfully prays this Honorable Court enter judgment against Defendant, PREMIUM STAFFING, INC., as follows:

a. Awarding Plaintiff all unpaid wages, including wages at a rate not less than 1 1/2 times the regular rate at which Plaintiff was employed for all hours worked over 40 hours during any workweeks, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b);

b. Awarding Plaintiff all unpaid wages, including wages at a rate not less than 1 1/2 times the regular rate at which Plaintiff was employed for all hours worked over 40 hours during any workweeks, plus the statutory 2% per month penalties stipulated by 820 ILCS 105/12(a)

c. Awarding Plaintiff all unpaid commissions and final compensation earned, plus the statutory 2% per month penalties stipulated by 820 ILCS 115/14(a).

d. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this action, plus reasonable attorneys' fees; and

e. Granting such other relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

MICHAEL BARTODZIEJ

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com